IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-101-BO

| | | |
|---|---|---|
| JOHN BLUME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23 & 25]. A hearing on this matter was held in Raleigh, North Carolina on July 2, 2014 at 3:30 p.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On January 26, 2010, plaintiff protectively filed claims for social security disability benefits and supplemental security income benefits alleging an onset date of November 24, 2009. The claims were denied initially and upon reconsideration. On August 19, 2011, an Administrative Law Judge ("ALJ") held a hearing via videoconference and rendered an unfavorable decision on October 25, 2011. The plaintiff appealed to the Appeals Council. On March 8, 2013 the Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Mr. Blume completed the tenth grade and has past relevant work experience as a product picker, fork lift operator, and floor installer. [Tr. 29; 339]. Mr. Blume complains of low back pain, shoulder pain, neck pain and migraine headaches. [Tr. 31–35]. He also suffers from major depressive disorder, bipolar disorder, and cocaine dependence. [Tr. 551].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual

2

functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found that plaintiff had the following severe impairments: a bipolar disorder, depression, degenerative disc disease of the lumbar and cervical spines, and status-post right rotator cuff repair. [Tr. 138]. Plaintiff alleges that the ALJ erred by not finding that plaintiff's migraine headaches and left great toe status-post fracture with flexion contracture to be severe impairments. The ALJ found that the migraine headaches and toe impairments "no more than minimally affect the claimant's ability to perform work-related activity" and therefore found them to not be severe impairments. [Tr. 138–39].

"An impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original).

Here, the evidence in the record clearly shows that the ALJ's determination as to whether or not these ailments were severe is not supported by substantial evidence. The ALJ dismissed these impairments in two conclusory sentences with no explanation. In light of the record evidence which suggests that these impairments are more than "slight abnormalit[ies]" with "minimal effect" on plaintiff's ability to work, this is clear error. *See id.* Mr. Blume testified that he has visited the emergency room due to the severity of his migraine headaches and that they

often require him to lie down in a dark room to try to alleviate them. [Tr. 32–33]. He testified that this occurred once or twice a week. [Tr. 33]. The medical record supports this testimony and demonstrates numerous emergency room visits for migraine headaches. [Tr. 519; 521; 529; 790; 792; 804; 818]. The ALJ also failed to address Dr. Marr's finding that plaintiff suffered from a painful first MTP joint with a flexion contracture most likely related to his persistent issues following his back surgery compounded by repeated hyperflexion injuries of the first MTP joint. [Tr. 593].

Remand, rather than reversal, is required when the ALJ fails to explain [her] reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Because the ALJ failed to explain her reasoning at step two as to why plaintiff's migraine headaches, and toe condition were not severe impairments, this Court cannot conduct a meaningful review of the remaining steps in the sequential process. Accordingly the Court remands this matter to the Commissioner to more fully elaborate on her reasons for denial considering the ALJ's failure to discuss all of the evidence in the record.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This _9_ day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE